FILED

2008 Aug-21  PM 04:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **DATAMILL, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 5:07-cv-02281-CLS** |
| | ) | |
| **NORTHROP GRUMMAN** | ) | |
| **CORP.,** *et al.* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the court on two separate motions for a more definite statement filed by defendants, Northrop Grumman Corp. ("Northrop") and Avantix, LLC ("Avantix"), respectively.[1]   Defendants argue that the complaint filed by plaintiff, Datamill, Inc., is not pled with the specificity required by Federal Rules of Civil Procedure 8 & 9, and that plaintiff's allegations are incomprehensible such that defendants cannot form a responsive pleading thereto.   Plaintiff opposes these motions, and the issues have been extensively briefed by the parties.   For the reasons and in the manner stated herein, the motions for a more definite statement will be DENIED.

---

[1]*See* doc. no. 11 (motion for more definite statement by Northrop); doc. no. 14 (amended motion for more definite statement by Avantix).

# I. FACTS[2]

Plaintiff, Datamill, Inc., is a Texas corporation.  Defendant Northrop is a California corporation that maintains an office in Huntsville, Alabama.  Defendant Avantix is a Nevada corporation with its principal place of business in El Cajon, California.[3]  Plaintiff contends that venue is appropriate in this court because "Northrop Grumman maintains an office in the Northern District of Alabama, Northeastern Division, and the incidents giving rise to this lawsuit occurred . . . in Huntsville, Alabama."[4]

Plaintiff developed a "series of software programs that would permit the tracking of information and data for the logistics support of a large and complex system," and "marketed" this logistics support software to the "Department of the Army for use in the Unmanned Aircraft Systems (UAS)."[5]  This logistics software is allegedly a trade secret belonging to plaintiff, and was licensed by plaintiff to the United States[6] with "only limited rights to use the software product."[7]  Plaintiff asserts that its software and "support services" were "purchased" by the United States

---

[2]All facts as they are articulated in this memorandum opinion and order are gleaned exclusively from plaintiff's complaint.

[3]*See* doc. no. 1 (complaint) at ¶¶ 1-3.

[4]*Id.* at ¶ 5.

[5]*Id.* at ¶ 6.

[6]The United States is not a party to this lawsuit.

[7]*See* doc. no. 1 (complaint) at ¶ 7.

"through" defendant Northrop in April 2006.[8]  According to plaintiff, Northrop served as an agent of the United States.[9]

Plaintiff alleges that Northrop, while serving as an agent for the United States, obtained access to plaintiff's logistics software and support services, and attempted to "extort" plaintiff into executing a separate agreement with Northrop for a release of plaintiff's rights to "licensing and derivative works."[10]  Plaintiff refused to enter into such an agreement, and instructed the United States to withdraw its purchase order for plaintiff's logistics software and support services.[11]

Plaintiff avers that Northrop, during the negotiating process, obtained access to plaintiff's trade secrets — the logistics software at issue — by improper means, and that Northrop "shared" plaintiff's trade secrets with its "teaming partner," Avantix.[12]  Specifically, plaintiff alleges that:

> Avantix had its own software program that was substantially inferior to [plaintiff's] program.  Northrop Grumman and Avantix sought to unlawfully use [plaintiff's] software and support services to improve and enhance the Avantix software program, so that Northrop Grumman and Avantix could obtain noncompetitive sole source contracts from the federal government.[13]

---

[8] *Id.*

[9] *Id.* at ¶ 8.

[10] *Id.* at ¶¶ 10-12.

[11] *Id.* at ¶ 13.

[12] *Id.* at ¶ 16-17.

[13] *See* doc. no. 1 (complaint) at ¶ 17.

3

In furtherance of this "scheme," defendants allegedly conspired to cause the United States to pay for the improvements and enhancements, purportedly based on plaintiff's logistics software program, to Avantix's software.[14]

Plaintiff asserts two claims for relief, arising solely under Alabama law, against both defendants for (1) violations of the Alabama Trade Secrets Act, Ala. Code § 8-27-2, *et seq.* (1975) (2002 Replacement Vol.); and (2) civil conspiracy.  Under each count, plaintiff demands judgment against each defendant for "compensatory damages to include, but not limited to lost income of Twenty Million Dollars ($20,000,000.00), additional compensatory damages in such sum as a jury shall assess, punitive damages . . . plus interest, attorney's fees, and costs."[15]

## II.  DISCUSSION

A defendant, when faced with a complaint from which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief . . . is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement."  *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996).  Rule 12(e) states that:

[a] party may move for a more definite statement of a pleading to which

---

[14]*Id.* at ¶ 18.
[15]*Id.* at ¶¶ 26, 29.

a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

Defendants' argument that plaintiff filed a "shotgun" complaint lacks merit.[16]

Federal Rule of Civil Procedure 8(a) mandates that a pleading which states a claim

for relief must contain all of the following:

> (1)    a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; [and]

> (2)    a short and plain statement of the claim showing that the pleader is entitled to relief; *and*

---

[16]As the Eleventh Circuit recently reiterated,

[t]he typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.*, all but the first) contain irrelevant factual allegations and legal conclusions. Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous.

*Goodison v. Washington Mut. Bank*, 232 Fed. Appx. 922, 923 (11th Cir. 2007) (quoting *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002)). *See also*, *e.g.*, *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (noting that a "shotgun" complaint "is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure"). When confronted with a "shotgun" complaint, it is important for a court to "narrow and define the issues from the earliest stages of the litigation." *Ebrahimi v. City of Huntsville Board of Education*, 114 F.3d 162, 165 (11th Cir. 1997). "Absent such efforts, shotgun notice pleadings . . . would impede the orderly, efficient, and economic disposition of disputes." *Id.*

> (3)    a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (alteration and emphasis supplied).  As the Eleventh Circuit observed in *Roe v. Aware Woman Center for Choice, Inc.*, 253 F.3d 678 (11th Cir. 2001),

> while notice pleading may not require that the pleader allege a "specific fact" to cover every element or allege "with precision" each element of a claim, it is still necessary that a complaint "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."

*Id.* at 683 (quoting *In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir. 1981)).

Upon reviewing plaintiff's complaint, the court finds that the basic requirements of Fed. R. Civ. P. 8(a) are satisfied.  This conclusion is bolstered by defendants' arguments speaking to the *merits* of plaintiff's factual allegations and legal claims.[17]  Such substantive arguments cut against defendants' insistence that the complaint is unintelligible to the point that defendants cannot craft a responsive pleading.

Moreover, defendants' contention that plaintiff has not satisfied the

---

[17]Throughout the parties' briefing on defendants' motions, defendants raise arguments seeking a dismissal of this action pursuant to Fed. R. Civ. P. 12(b)(6).  Upon reviewing defendants' motions for a more definite statement, this court finds that defendants have not brought a motion to dismiss under Rule 12(b)(6); thus, defendants' arguments seeking dismissal on the merits will not be considered in this memorandum opinion and order.

requirements of Fed. R. Civ. P. 9 is unfounded.  Rule 9(b) requires that, "[i]n alleging fraud or mistake, a party must state *with particularity* the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b) (emphasis supplied).  "In a complaint subject to Rule 9(b)'s particularity requirement, plaintiffs retain the dual burden of providing sufficient particularity as to the fraud while maintaining a sense of brevity and clarity in the drafting of the claim, in accord with Rule 8."  *Wagner v. First Horizon Pharmaceutical Corp.*, 464 F.3d 1273, 1278 (11th Cir. 2006).  "Particularity means that a plaintiff must plead facts as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them."  *United States ex rel Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006).

Neither defendant expounded on an argument or cited legal authority in support of its contention that plaintiff's claims, either under the Alabama Trade Secrets Act or for civil conspiracy, are subject to the heightened pleading requirements of Fed. R. Civ. P. 9, and this court will not give consideration to arguments that are not fully developed or bolstered with legal authority.  *See U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (refusing to address a party's "perfunctory and underdeveloped argument").  Nonetheless, it does *not* appear from the complaint that plaintiff is asserting fraud claims in this lawsuit; therefore, plaintiff's complaint is *not*

7

subject to the heightened pleading requirement of Fed. R. Civ. P. 9(b).

Accordingly, defendants' motions for a more definite statement are DENIED.

That said, plaintiff and Avantix have raised, in their briefs, an additional issue that is unrelated to the instant motions, but that nevertheless requires resolution. Plaintiff has represented to the court, in its response to the motion for a more definite statement brought by Avantix, that it did not intend to assert Count Two of its complaint, the civil conspiracy claim, against Avantix.[18]  The factual allegations contained in Count Two are directed specifically against Northrop; however, plaintiff demands judgment against "Defendants" in the final paragraph of this count.  Plaintiff attributes this unintentional demand for judgment against both defendants to a drafting error.[19]  This court construes plaintiff's admission, that it did not intend to assert Count Two against Avantix, as a motion to dismiss Count Two as to Avantix, and such relief is GRANTED.  Accordingly, all claims asserted in Count Two against defendant Avantix are hereby DISMISSED.

DONE this 21st day of August, 2008.

United States District Judge

---

[18]See doc. no. 16 (plaintiff's response to motions for a more definite statement) at 21.
[19]See id.